IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SEAN SPIDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:12-0983 |
| | ) | JUDGE SHARP/KNOWLES |
| | ) | |
| | ) | |
| THOMAS F. HOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 21, 2013, the Court entered an Order in this action noting that, while a Summons was issued for Defendant when this action was filed, there was no indication in the file that Defendant had ever been served with the Summons and Complaint. Docket No. 17. That Order cited Fed. R. Civ. P. 4(m), which states in relevant part as follows:

> **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Order further stated in relevant part as follows:

> Therefore, within twenty (20) days of the date of entry of this Order, Plaintiff shall file a written statement showing good cause for his failure to serve the Defendant within 120 days after the filing of the Complaint. If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice.

Docket No. 17, p. 1-2.

Apparently in response to the Court's Order, on April 9, 2013, Plaintiff filed a letter in this action, ostensibly directed to the undersigned and Judge Sharp.[1] Docket No. 20. In the letter, Plaintiff states that "To [his] understanding, the summons and complaint were served timely and properly on the defendant." Docket No. 20. When Plaintiff filed this action, a Summons was issued to:

> Thomas F. Hogan, Judge
> Director Administrative Office of the United States Court
> Howard T. Markey National Courts Bldg.
> 717 Madison Place, N.W.
> Washington, DC 20439

Docket No. 1-3. The letter further states that the summons and complaint were initially "returned to [him] in error, and because the defendant moved to a new location."[2] *Id*. Plaintiff explains that the summons and complaint were then sent via certified mail to Defendant at the Administrative Office of the United States Courts, One Columbus Circle, N.E., Washington, DC 20544.

The letter also states in relevant part as follows:

> As to service of the complaint and summons to all listed parties, please find signature and confirmation per the attached delivery confirmation notice, dated 10/25/12.
>
> As proSe, please note, I have, and on a monthly basis, presented myself to the Intake counter at Middle Tennessee District Court and asked for help and the status on this case, and if there is

---

[1] In this action, Plaintiff is proceeding pro se, but not in forma pauperis.

[2] Plaintiff's statement that the Summons and Complaint were returned to him "in error" is unclear. Presumably, Plaintiff means that he erroneously sent the Summons and Complaint to the wrong address because Plaintiff was not aware that Defendant had moved to a new location.

2

> anything more I need to do. The response I receive is always that these cases can take a year or longer and to wait.
>
> . . .
>
> Through certified mailing and with my receipts, I'm assuming the complaint and summons were timely and properly filed and issued since docket entry #1 is indicating that it was issued; and that, per the delivery confirmation above, it was properly served.
>
> If there is some error either in the service, docketing, calendaring or otherwise, I respectfully submit, I followed all of the required steps, sought help from Intake at your court, and have certification and receipt of delivery. If for some reason outside of my control, it was not, I sincerely request the court, either permit an extension of time for reservice of the summons, in that no party has been put at any unfair advantage, or, that corrections in docketing, calendaring or otherwise be made and order the defendant to answer.

Docket No. 20, p. 1-2.

Both the original and the Amended Complaint state the name of Defendant as: "Thomas F. Hogan, Judge, Director, Administrative Office of the United States Courts." Docket Nos. 1, 15. The Court must conclude, therefore, that Plaintiff has sued Defendant Hogan in his official capacity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991); *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir. 1989).

Fed. R. Civ. P. 4(i) is headed "Serving the United States and its Agencies, Corporations, Officers, or Employees." That Rule provides in relevant part as follows:

> (1) **United States**. To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought – or to an Assistant United States Attorney or clerical employee whom United States Attorney designates in writing filed with the Court Clerk – or

> (ii) send a copy of each by registered or certified
> mail to the civil-process clerk at the United States
> attorney's office;
>
> (B) send a copy of each by registered or certified
> mail to the Attorney General of the United States in
> Washington, DC; and
>
> (C) if the action challenges an order of a non-party
> agency or officer of the United States, send a copy
> of each by registered or certified mail to the agency
> or officer.
>
> (2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

In order to serve Defendant Hogan in his official capacity, Plaintiff must also serve the United States. Fed. R. Civ. P. 4(i)(2). In order to serve the United States, Plaintiff must, inter alia, serve the Attorney General. Fed. R. Civ. P. 4(i)(B). Plaintiff has not established that he has served the Attorney General. Therefore, he has not shown service upon the United States, and correspondingly, he has not shown service upon Defendant Hogan.

The Court further notes that, even if Plaintiff intended to sue Defendant Hogan in his individual capacity, he still must serve the United States. Fed. R. Civ. P. 4(i)(3). Once again, Plaintiff has not established that he has served the United States.

While Plaintiff's understanding may be that he timely and properly served Defendant, it is obvious that he has not done so. The fact that Plaintiff may have sent a copy of the summons and complaint to Defendant Hogan via certified mail simply does not establish that Defendant Hogan has been properly served.

Plaintiff also states in his letter that he has "presented" himself to the intake counter at this Court "and asked for help and the status on this case, and if there is anything more I need to do." He states, "The response I receive is always that these cases can take a year or longer and to wait." Docket No. 20, p. 1.

It is important to note that Plaintiff does not aver that any Clerk's office employee ever told him that he had properly served Defendant. Even if he had so averred, however, he could not rely upon statements by personnel of the Clerk's office.[3] Local Rule 77.02, which is headed "Legal Advice," states as follows:

> The Clerk and the employees of the Clerk's Office desire to be of help to litigants and attorneys. However, interpreting the Rules of Procedure and giving legal advice are not permitted functions. Notice is hereby given to litigants and attorneys that the Clerk and the Clerk's employees assume no responsibility for information respecting applicable procedural rules, substantive law, or interpretation of Local Rules of Court.

Moreover, the fact that Plaintiff is proceeding pro se does not excuse his ignorance of the Federal Rules of Civil Procedure, and it is inadequate to support a finding of good cause. *Marozsan v. United States*, 849 F. Supp. 617, 747-49 (N.D. Ind. 1994).

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

---

[3] The Court notes that Plaintiff was previously employed by the Clerk's office of the United States Bankruptcy Court for the Middle District of Tennessee, and that this action involves his termination from that employment.

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                     _____
                                     E. Clifton Knowles
                                     United States Magistrate Judge