IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SEAN SPIDLE, )
 )
        **Plaintiff,** )
 )
 )
vs. )   **CASE NO. 3:12-0983**
 )   **JUDGE SHARP/KNOWLES**
 )
 )
JOHN D. BATES,[1] )
 )
        **Defendant.** )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 33. In support of his Motion, Defendant has contemporaneously filed a Memorandum of Law, with Exhibits. Docket Nos. 34 - 34-9.

Plaintiff, who is proceeding pro se but not in forma pauperis, filed a Response to the instant Motion, also with Exhibits. Docket Nos. 36 - 36-3.

This is an employment discrimination action. Plaintiff, a former employee of the United

---

[1] As the Court has previously recognized, Plaintiff sued "Thomas F. Hogan, Judge, Director, Administrative Offices of the United States Courts" in his official capacity. Docket No. 21, p. 3. On July 31, 2013, Judge John D. Bates replaced Judge Hogan as Director of the Administrative Office of the United States Courts. Pursuant to Fed. R. Civ. P. 25(d), Judge Bates is automatically substituted for Judge Hogan as a party in this action. While the instant Motion to Dismiss was filed on August 5, 2013, and was ostensibly filed by Judge Hogan, Rule 25(d) provides in relevant part, "Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."

States ("U.S.") Bankruptcy Court for the Middle District of Tennessee, sues "Thomas F. Hogan, Judge, Director, Administrative Offices of the United States Courts" in his official capacity. *See* Docket Nos. 1, 7, 15, 21. Plaintiff filed his original Complaint, ostensibly pursuant to 29 U.S.C. §621, et seq and/or 42 U.S.C. §2000e, et seq., for age and/or employment discrimination.[2] Docket Nos. 1, 2. Plaintiff subsequently amended his Complaint, stating in pertinent part as follows:

> I would like to amend and make clear my complaint:
>
> This complaint IS NOT about age discrimination but about the inability and unwillingness for the U.S. Bankruptcy Court AND the U.S. Court of Appeals to administer rights afforded to me by law AND the Federal Judiciaries [*sic*] unwillingness and inability to follow written policy and procedure due to the Clerk's wrongful, illegal conduct and behavior.
>
> . . .
>
> I amend and want to make clear; this lawsuit is about unethical employment practices, denial of EEOC rights as provided by law and retaliatory behavior and constructive discharge tactics by the Clerk, the former Chief Judge, and at least two Judges at the Appellate level; all of which represent the U.S. Federal Courts. This suit is NOT about age discrimination, but the denial of civil rights and other unlawful behavior.

Docket No. 15, p. 1-3 (capitalization original).

In his Amended Complaint, Plaintiff avers the following "[s]pecific violations":

> Wrongful termination:
>
> By failing to abide by employee handbook policy on termination

---

[2] Plaintiff has filed a related case, Civil Action Number 3:13-cv-00443, in which he sues Matthew T. Loughney, Clerk for the United States Bankruptcy Court in the Middle District of Tennessee. Plaintiff's related case has also been assigned to Judge Sharp. There is a pending Motion to Dismiss in that case which is referred to the undersigned. The undersigned will address the related Motion to Dismiss in a Report and Recommendation in that case.

2

and procedures and grossly lying and misrepresentation on the facts, the Clerk fires me due to his actions and NOT based on his fictitious composition of an adverse action on me. The Clerk falsely composes an adverse action on me to give the appearance he was justified in firing me. In order to justify the Clerk's actions and give more credibility to his claim, the Clerk falsely accuses me of behavior and statements which he said I made all of which I DENY. The Chief Deputy Clerk, who was present during the firing, never provided any testimony to her witness account (as far as I am aware), as to what actually took place. Her truthful testimony would further substantiate my case. Several months later, I realized the clerk hires my recommended candidate from 31 resumes handed to me, for a position to replace mine and fails to replace my position title. This, along with many other key pieces of evidence, further substantiates my complaint of wrongful termination and constructive discharge.

Violation of Equal Employment Rights under the law:
Failure to allow informal EEO counseling which would have eliminated much time and expense. The EEOC has issued an order in opposition to the Sixth Circuit Court of Appeals judges who evade and ignore the fact that EEO Counseling as prescribed by law was not administered in my case thought I clearly state this violation on repeated attempts.

Conspiracy to interfere with civil rights:

Two of the three Sixth Circuit Court of Appeals Judges, Cole and Rogers, it can easily be shown are close friends of Chief Judge George Paine who I complain about during the appeal phase. The selection process of these judges is required to be random and because two of the three judges are close affiliations to Judge Paine, this evidence should fall under high scrutiny since the odds of this occurrence is highly improbable with over 25 judges to choose from within the Sixth Circuit Court of Appeals. Even as a coincidence, Judges Cole and Rogers being close friends of Judge Pain should have recused themselves from the case since a strong conflict of interest can easily be shown. The Six [*sic*] Circuit Court of Appeals judges evade and ignore the fact that fundamental EEO rights were violated. Further, retaliatory behavior by the Clerk by making multiple statements to other employees about my behavior and my threats against the court are completely unfounded and repeated contact with the U.S. Marshals service indicate the Clerk has given the impression I'm a threat to

the court though nothing could be further from the truth. These
unsubstantiated claims by the Clerk, are apparently their basis for
not providing:

      a. The Alternative Dispute Resolution Process
      b. An Investigation
      c. A Hearing
      d. A Final Decision

*Id.*, p. 3-4.

In his Amended Complaint, Plaintiff seeks: (1) "witness testimony from current and former employees of the U.S. Bankruptcy Court, Middle District of Tennessee with regard to the Matthew [*sic*] Loughney's inappropriate behavior the last quarter of 2009 and the first two quarters of 2010"; (2) an "unbiased jury trial" wherein he is "allowed to present abundant evidence and witness testimony" to substantiate his complaints; and (3) an "unbiased investigation." *Id.*, p. 4-5.

Defendant filed the instant Motion and supporting materials arguing that employees of the U.S. Bankruptcy Court for the Middle District of Tennessee are in "excepted service," not "competitive service," such that any claims against judicial officers or employees of the U.S. Bankruptcy Court can be brought only in accordance with the Court's Employment Dispute Resolution Plan ("EDRP"). Docket No. 34, *citing* 5 U.S.C. § 2103(a). Defendant contends that, per the EDRP, "any decisions of a Reviewing Panel shall be final and shall not be subject to further review by the Judicial Council." *Id.*, *citing* Ex. 9, p. 4.

Defendant further contends that:

> [T]he EDRP adopted by the Middle District of Tennessee provides
> the exclusive remedy available for any allowable claims Plaintiff
> can pursue against him and sets forth the venue for those claims.
> To the extent that Plaintiff is seeking claims apart from the EDRP,
> the EDRP does not provide Plaintiff any right to file such claims.

> However, to the extent that Plaintiff is seeking a review of the claims already exhausted under the EDRP that includes the Judicial Council for the Sixth Circuit, those decisions are final and cannot be reviewed by this Court.

*Id.*, p. 5, *citing* Ex. 9.

Defendant notes that Plaintiff does not dispute that he is in "excepted service." *Id.,* p. 6-7. Defendant maintains, therefore, that the Administrative Judge's decision to dismiss Plaintiff's EEO complaint for lack of jurisdiction was correctly affirmed by the Office of Federal Operations ("OFO") Director, and that the OFO Director properly dismissed any appeal of the Judicial Council for the Sixth Circuit decision, correctly stating that there is no right of appeal to the Commission from a decision issued under the EDRP. *Id.*, *citing* Docket No. 1., p. 10-13. Accordingly, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims, and this action should be dismissed. Docket Nos. 33, 34.

Plaintiff responds that this action is proper because he received a right to sue notice from the EEOC and because 28 U.S.C. § 1343(a) provides that "[t]he district courts have original jurisdiction of any civil action authorized by law to be commenced by any person." Docket No. 36, p. 1-2. Plaintiff contends, "While the Defendant states that EDRP is the proper venue for filing the Plaintiff[']s complaint, the Defendant fails to recognized [*sic*] EDRP was not administered to the Plaintiff eventhough [*sic*] the Plaintiff made every effort to do so." *Id.*, p. 2. Plaintiff asserts that "proper procedure" was not followed and his "rights as governed by substantive law were ignored." *Id.*, p. 3.

A brief recitation of the history of this action will provide helpful background information for this case, and can be found in the EEOC hearing decision issued on June 27, 2012, which states as follows:

## BACKGROUND

At the time of events giving rise to this complaint, [Plaintiff] had been terminated from his position with the U.S. Bankruptcy Court, Middle District of Tennessee.

Believing his termination was the result of discrimination because of his age, [Plaintiff] requested a hearing before an EEOC Administrative Judge (AJ), which was docketed as EEOC Hearing No. 490-2011-00103X. The Agency filed a motion to dismiss arguing that EEOC has no jurisdiction over excepted service employees of the U.S. Bankruptcy Court and, as such, [Plaintiff] has no standing to utilize the 29 C.F.R. Part 1614 EEO complaint process. [Plaintiff] did not dispute that the EEOC did not have jurisdiction over the matter. On May 5, 2011, the AJ issued an Order granting the Agency's motion to dismiss. [Plaintiff] filed an appeal, which has been docketed as EEOC Appeal No. 0120121789.

Thereafter, [Plaintiff] filed a complaint with the Judicial Council for the Sixth Circuit using the procedures outlined in its Employment Dispute Resolution Plan (EDR) to challenge his alleged discriminatory discharge from employment. On January 6, 2011, the Judicial Council for the Sixth Circuit issued a decision affirming the findings of the presiding judicial officer (PJO). The PJO found that [Plaintiff] failed to establish that age was the motivating factor in the decision to terminate his employment. [Plaintiff] filed another appeal from this decision, which has been docketed as EEOC Appeal No. 0120122014.

Docket No. 1-1, EEOC hearing decision dated June 27, 2012.

The Director of the Office of Federal Operations ("OFO"), on behalf of the EEOC, issued the following decision:

## ANALYSIS AND FINDINGS

With respect to EEOC Appeal No. 0120121789, we affirm the AJ's decision to dismiss [Plaintiff's] EEO complaint brought under 29 C.F.R. Part 1614 process for lack of jurisdiction. The Commission's regulations at 29 C.F.R. § 1614.103(b)(4) specifically state they cover only units of the judicial branch having positions in the *competitive service*. [Plaintiff] did not

6

> dispute that there was no jurisdiction over U.S. Bankruptcy Court
> employees, like himself, who were in the excepted service.
>
> With respect to EEOC Appeal No. 0120122014, there is no right of
> appeal to the Commission form a decision issued under the
> Judicial Council for the Sixth Circuit's EDR procedures. The
> Commission has long held that a complainant cannot use the 29
> C.F.R. Part 1614 federal EEO complaint process to lodge a
> collateral attack on another proceeding. The proper forum for
> [Plaintiff] to have raised his challenges to a decision made under
> the EDR process is within that process.
>
> Accordingly, the AJ's dismissal decision is AFFIRMED, and
> [Plaintiff's] appeal of the Judicial Council for the Sixth Circuit's
> EDR decision is DISMISSED.

*Id.* (footnote and internal citation omitted).

Plaintiff filed this action on September 24, 2012. Docket No. 1. On October 9, 2012, he amended his Complaint to clarify the issues as set forth above. Docket No. 15.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be granted.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(1)

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See, e.g., DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack challenges the factual allegations contained on the face of the complaint. *See, e.g.,* Al-Owhali *v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003); *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's

allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life,* 922 F.2d at 325.

**B.  The Case at Bar**

In the case at bar, Defendant launches a facial attack on this Court's subject matter jurisdiction.  Accordingly, this Court must accept the allegations in Plaintiff's Amended Complaint as true and consider the factual allegations in the light most favorable to the non-moving party.  *Warth v. Selden*, 422 U.S. 490, 501 (1975).

The allegations of Plaintiff's Amended Complaint, in their entirety, have been set forth above.  Taking these allegations as true, Plaintiff was an excepted employee of the U.S. Bankruptcy Court for the Middle District of Tennessee, which had adopted the Employment Dispute Resolution Plan ("EDRP") at issue. The EDRP specifies the proper venue and procedure for filing claims, provides the exclusive remedy for allowable claims, and does not grant this Court jurisdiction to review final decisions rendered pursuant to the Plan.

Although Plaintiff avers that he tried to follow the procedure for filing claims under the EDRP but was unsuccessful due to the actions of the Court Clerk and Judges, recounted above, the procedural history of Plaintiff's claims as set forth in the OFO Director's decision, also recounted above, demonstrates that Plaintiff was able to utilize the EDRP.  Plaintiff's alleged inability to obtain the redress he seeks through the EDRP does not confer jurisdiction upon this Court.  Absent jurisdiction, Plaintiff's claims must be dismissed.

### III.  Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion

to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge